■ RICHARD J. SINSKI, JR., Respondent-Appellant, v WARREN KAHN et al., Appellants-Respondents. [715 NYS2d 320] —In an action, *inter alia,* to recover damages for the breach of a physician-patient privilege, (1) the defendants Warren Kahn, Steven M. Zove, Annette Racaniello, and Steven Shepherd separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated January 26, 1999, as, in effect, dismissed their affirmative defenses of justification, the defendants Kenneth Stoler and Jerome Cymerman separately appeal, as limited by their briefs, from so much of the same order as denied those branches of their motions which were to dismiss the plaintiff's causes of action to recover damages for breach of the fiduciary duty of confidentiality, breach of an implied contract of confidentiality, and negligent disclosure insofar as asserted against them and, in effect, dismissed their affirmative defenses of justification, and the plaintiff cross-appeals from so much of the same order as granted those branches of the defendants' motions which were to dismiss his claims for punitive damages, and (2) the defendants Warren Kahn, Steven Zove, Annette Racaniello, and Steven Shepherd, separately appeal, as limited by their respective briefs, from so much of an order of the same court, dated September 16, 1999, as, upon reargument, adhered to the prior determination dismissing their affirmative defenses of justification and the defendants Kenneth Stoler and Jerome Cymerman separately appeal, as limited by their briefs, from so much of the same order as, upon reargument, adhered to the prior determination denying those branches of their respective motions which were to dismiss the plaintiff's causes of action to recover damages for breach of the fiduciary duty of confidentiality, breach of an implied contract of confidentiality, and negligent disclosure, and dismissing their affirmative defenses of justification.

Ordered that the defendants' appeals from the order dated January 26, 1999, are dismissed, as the portions of the order appealed from were superseded by the order dated September 16, 1999, made upon reargument; and it is further,

Ordered that the order dated January 26, 1999, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated September 16, 1999, is modified, on the law, by (1) deleting the provision thereof which,

upon reargument, adhered to the prior determination dismissing the defendants' affirmative defenses of justification and substituting therefor a provision reinstating those affirmative defenses, and (2) deleting the provision thereof which, upon reargument, adhered to so much of the prior determination as denied those branches of the motions of the defendants Kenneth Stoler and Jerome Cymerman which were to dismiss the plaintiff's causes of action to recover damages for breach of the fiduciary duty of confidentiality, breach of an implied contract of confidentiality, and negligent disclosure, and substituting therefor a provision granting those branches of those defendants' motions; as so modified, the order is affirmed insofar as appealed from, the complaint is dismissed insofar as asserted against the defendants Kenneth Stoler and Jerome Cymerman, and the action against the remaining defendants is severed; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs.

The physician-patient privilege is not absolute (*see, People v Sinski,* 88 NY2d 487, 491), and "its breach is actionable only if it is wrongful, that is to say, without justification or excuse" (*MacDonald v Clinger,* 84 AD2d 482, 487). The trial court erred in concluding that, under the circumstances of this case, the defendants' breach of the privilege was not justified. Accordingly, the defendants' affirmative defenses of justification are reinstated.

In light of our determination, those branches of the motions of the defendants Kenneth Stoler and Jerome Cymerman which were to dismiss the plaintiffs' causes of action to recover damages for breach of the fiduciary duty of confidentiality, breach of an implied contract of confidentiality, and negligent disclosure, are granted, and the complaint insofar as asserted against those defendants is dismissed in its entirety. Santucci, J. P., Thompson, Sullivan and Goldstein, JJ., concur.